**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4247**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

T' ANTAE DEON LITTLE, a/k/a Tantae Deon Little,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00049-RLV-DCK-7)

_____

Submitted: November 28, 2011      Decided: December 8, 2011

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

T' Ante Deon Little pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2011). The district court accepted Little's plea and sentenced him to 240 months in prison. Little timely appealed. On appeal, Little's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has reviewed the record and found no meritorious issues for appeal. However, counsel questions whether the district court erred in accepting Little's guilty plea and whether the district court's chosen sentence is reasonable. Little, informed of his right to file a pro se supplemental brief, has not done so. The Government declined to file a responsive brief.

First, counsel questions whether the district court complied with the mandates of Fed. R. Crim. P. 11 in accepting Little's guilty plea. "Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty," and the various rights he is relinquishing by pleading guilty. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see Fed. R. Crim. P.

2

11(b). "In reviewing the adequacy of compliance with Rule 11, this court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

Because Little did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). We have reviewed the transcript of the plea colloquy and determined that the magistrate judge complied with the mandates of Rule 11. In accepting Little's guilty plea, the district court ensured that Little's guilty plea was entered knowingly and voluntarily and supported by an independent factual basis. See DeFusco, 949 F.2d at 116, 119-20. We therefore affirm Little's conviction.

Little also questions the reasonableness of his sentence. We review a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). The first step in this review requires the court to assess procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) (2006) factors. United States v. Boulware, 604 F.3d

3

832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Our thorough review of the record assures us that the sentence is procedurally reasonable. Substantively, Little's receipt of the statutorily mandated minimum sentence renders his sentence per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Accordingly, we affirm Little's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment below. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review. If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED